TB-63781

## GENERAL RELEASE

This Release, dated May 21, 2019            ,2019, is given

**BY:** **STEWART GOLDSTEIN referred to as "Releasor," and THE LAW OFFICE OF TAMARA M. HARRIS, referred to as "Releasor's Attorneys".**

**TO:** **TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, BTO DARNELL EASON, BTO JULIO LOPEZ, SGT. ANTHONY POWELL and BTO LATEEF HOWARD their employees, agents, representatives, principals, attorneys BARRY McTIERNAN & MOORE LLC subsidiaries, affiliates, assigns, predecessors, and successors in interest, referred to as "Releasees."**

   1.   **Release.** Releasor releases and gives up any and all claims and rights which Releasor may have against Releasees through the date of this Release. In addition, Releasor specifically releases and forever discharges Releasees from all legal liability as set forth herein, including:

   Any and all past, present and future claims, demands, actions, causes of action, verdicts, judgments, and awards of every kind whatsoever for any injuries or conditions (including the associated risks, natural progression, consequences, future manifestation and treatment, including but not limited to surgery, of all such injuries and conditions, and the fear of same), damages, costs, expenses, attorneys' fees, contribution, indemnity, reimbursement, and compensation of any kind, now existing, or which may hereafter arise, whether known or unknown, permanent or otherwise, including without limitation all claims arising from or out of the events alleged to have occurred on or about **October 9, 2016, but not limited to, all claims asserted or that could have been asserted against Releasees in the action under the caption STEWART GOLDSTEIN v. POLICE OFFICER DARNELL EASON (TRIBORO BRIDGE AND TUNNELS TAX REG #589698),OFFICER LOPEZ (TRIBORO BRIDGE AND TUNNELS), SGT. ANTHONY POWELL (TRIBORO BRIDGE AND TUNNELS TAX # 601069), OFFICER HOWARD (TRIBORO BRIDGE AND TUNNELS),JOHN DOE and THE CITY OF NEW YORK, filed in the United**

States District Court, Eastern District of New York under Docket No. 17-CV-5994.

Releasor agrees to execute a stipulation of Dismissal/ Discontinuance with prejudice of the Action. Releasor also warrants that he will not commence, prosecute, or permit to be commenced or prosecuted against the Releasees any action or other proceeding based upon any claims, demands, actions, causes of action, obligations, liabilities, or damages herein released.

2. **Payment.** In consideration for this Release, Releasor has agreed to accept from Releasees the amount of **FIVE THOUSAND DOLLARS ($5,000.00).**

Releasees shall issue a check for $5,000.00 made payable to **STEWART GOLDSTEIN and THE LAW OFFICE OF TAMARA M. HARRIS as attorneys**. Releasor accepts this as full payment for making this Release. Releasor warrants that he will not seek anything further including any other payment from Releasees. Releasor and his attorneys confirm that releasor did not receive Medicare benefits and is not Medicare eligible.

3. **Liens.** To the extent that there are any [other] liens or subrogation claims of any kind with respect to this Action, Releasor will be solely responsible for timely satisfying those liens or claims, including, without limitation, any workers' compensation liens, health insurance liens, Social Security liens, no-fault liens, PIP liens, attorneys' liens, and any liens or claims claimed by any healthcare provider, ERISA plan, Medicare, Medicare Part C and/or Part D Plan, Medicaid, or any other governmental entity. Releasor agrees to indemnify, defend, and hold Releasees harmless for any loss or payment Releasees may suffer, including claims, judgments, verdicts, awards, penalties, attorneys' fees, and costs that arise out of Releasor's failure to timely satisfy any and all liens or claims.

4. **Future Medical Services.** In an effort to protect Medicare's interests, if any, the likelihood of future medical services and expenses has been taken into account by all parties

to the Release, and the parties agree that Medicare's interests, if any, have adequately been considered. The parties to this Release agree that this Release is not intended to shift to Medicare the responsibility for payment of future medical services and expenses, if any, related to the injuries and/or conditions that form the basis of this Action. Instead, the parties agree that this settlement is a compromise intended to provide Releasor a lump sum payment in order to resolve a dispute between the parties, which will foreclose Releasees' responsibility for future payment of any and all medical services. Releasor understands and agrees that the risks and possible future effects of his injuries and/or conditions, including fear of same, are specifically bargained for, included, and released by this agreement. Releasor also understands and agrees that acceptance of the settlement funds may impact his receipt of federal benefits including, but not limited to, the suspension or revocation of Medicare benefits at Medicare's sole discretion. Notwithstanding this possibility, Releasor has had the advice and guidance of his counsel in this regard and desires to enter into this Release agreement to settle his claim according to the terms set forth in this Release.

Releasor acknowledges and warrants that he is solely responsible for the payment of any and all unpaid medical bills, as well as any and all future medical services and expenses, and that Releasees shall have no responsibility for same. Releasor warrants that if he is required to set-aside or repay any amount, up to and including the total amount of this settlement, in order to reasonably consider Medicare's interests under federal law, he will be solely responsible for doing so in accordance with federal law. Releasor also agrees to manage the set-aside amount, keep records of all expenditures, and report to Medicare as required by law. Releasor further acknowledges and warrants that he will neither impermissibly apply for nor accept Medicare-covered services of any kind or nature for the alleged injuries and/or conditions arising out of the incident that forms the basis of this Action in violation of the Medicare Secondary Payer Act, 42 U.S.C. §1395y(b), et seq. ("MSPA").

Releasor further agrees to indemnify, defend, and hold Releasees harmless for any loss or payment Releasees may suffer, including claims, judgments, verdicts, awards, penalties, attorneys' fees, and costs that arise out of Releasor's failure to pay any unpaid medical bills or future medical expenses, or otherwise protect Medicare's interests, if any, under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b), et seq. ("MSPA"). Further, Releasor expressly waive their rights, if any, to bring an action against Releasees under the MSPA.

Finally, Releasor hereby agrees as part of this Release to provide Releasees, within thirty (30) days of their request, any and all information required for compliance with Section 111 of the Medicare Mandatory Insurance Reporting requirement, 42 U.S.C. § 1395y(b)(7)&(b)(8). Releasor agrees to indemnify, defend, and hold Releasees harmless for any loss or payment Releasees may suffer, including claims, judgments, verdicts, awards, penalties, attorneys' fees, and costs that arise out of Releasor's failure to do so.

  **5. No Admissions.** Releasor agrees that by settling this Action, no party shall be deemed to have admitted liability or fault with respect to the alleged incident giving rise to the Action or any issues related to the Action.

  **6. Binding Agreement.** Releasor is bound by this Release. Anyone who succeeds to Releasor's rights and responsibilities is also bound. This Release is made for Releasees' benefit and all who succeed to Releasees' rights and responsibilities.

  **7. Governing Law.** Any issue concerning the interpretation of this Release or its effect upon the parties hereto shall be governed by the law of the State of New York.

  **8. Complete Agreement.** Releasor and Releasor's Attorneys understand and agree that this is the complete Agreement between the parties, and that there are no written or oral understandings, agreements, or terms directly or indirectly connected with this Agreement that are not expressly incorporated within this Agreement.

9. **Severability.** In the event that any provision of this Release is found to be unlawful or unenforceable, the remaining provisions shall remain in full force and effect.

10. **Admissibility.** Releasor [and Releasor's Attorneys] agree to the introduction into evidence of this Release at any trial, hearing, or inquiry conducted subsequent to the date of execution hereof.

11./12. **Signature.** Releasor and Releasor's Attorneys hereby acknowledge that Releasor and Releasor's Attorneys have read this Release, consisting of 6 pages; are competent to understand and enter into this Release; are not under any restraint or duress; have conferred with legal counsel; understand that by executing this Release, Releasor has released Releasor's legal rights against Releasees as stated herein; understands its terms; and agrees to the terms of this Release.

_____
STEWART GOLDSTEIN

STATE OF New York, COUNTY OF Queens SS.:

I CERTIFY that on May 21, 2019, STEWART GOLDSTEIN personally came before me and stated under oath to my satisfaction, that (s)he:

(a) is named in and personally signed this document; and

(b) signed, sealed, and delivered this document as his/her signed and sworn to before me on May 21, 20 19.

_____
Notary Public

ALEXANDER GUTIERREZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GU6348923
Qualified in Queens County
My Commission Expires 10-11-2020

LAW OFFICE OF TAMARA M. HARRIS

-5-

111 Broadway, Suite 706
New York, New York 10006
(212) 334-1050

5\21\19                         By: _____
Date                                Plaintiff's attorneys